# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

     v.                                                               Criminal Action No. 2:13cr26

**DONNA STURM,**
        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

      This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11.

      Defendant, Donna Sturm, in person and by counsel, L. Richard Walker, appeared before me on December 2, 2013. The Government appeared by Zelda E. Wesley, its Assistant United States Attorney.

      The Court determined that Defendant was prepared to enter pleas of "Guilty" to Count Six and Count Fifteen of the Indictment.

      Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

      The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. Counsel advised that the present agreement was the sole offer made to Defendant. There had been a prior written plea agreement; however, only the date was changed in the current offer. Nonetheless, counsel advised he discussed both agreements with Defendant. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea. She tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by her and countersigned by her counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Donna Sturm, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned reviewed with Defendant Count Six and Count Fifteen of the Indictment and the elements the government would have to prove, charging her with distribution of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) (Count Six) and with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Six and Count Fifteen of the Indictment,

the impact of the advisory sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on Count Six was imprisonment for a term of not more than five (5) years; a fine of not more than $250,000.00; understood that both fine and imprisonment could be imposed; a period of at least two (2) years of supervised release; and a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Defendant further understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on Count Fifteen was imprisonment for a term of not more than ten (10) years; a fine of not more than $250,000.00; understood that both fine and imprisonment could be imposed; a period of not more than three (3) years of supervised release; and a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Defendant understood that the Court could impose both sentences to run consecutively.

She also understood that her sentence could be increased if she had prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct:	Did you and Mr. Walker discuss, and did you understand from that discussion, that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals, provided you give notice of your intent to appeal within 14 days of your sentencing hearing?

Def: Yes.

Ct: Did you and Mr. Walker discuss and did you understand from that discussion that under 28 section 2255 you may file a motion collaterally attacking or challenging your sentence and how that sentence is being executed? It's commonly called a habeas corpus-type motion.

Def: Yes, sir.

Ct: Now, did you understand from paragraph 11 of your written plea agreement, that if the district judge imposes an actual sentence which is the same as or equal to a guideline-calculated sentence which for count 6 has a base offense level of 6 or lower, and for count 15 has a base offense level of 14 or lower, then you give up your right to collaterally attack or challenge those sentences by filing a writ of habeas corpus motion, and you give up your right to directly appeal those sentences and those convictions to the Fourth Circuit Court of Appeals?

Def: Yes, sir.

Ct: And you intended to give up those valuable direct appeal rights and collateral attack rights as set forth in paragraph 11 of your written plea agreement. Is that correct?

Def: Yes, sir.

Ct: And you completely understood that paragraph of your plea agreement not only when you signed it, but today when you answered my questions.

Def: Yes.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the condition in the written plea bargain agreement.

The undersigned inquired of Defendant if counsel had promised her a specific sentence, to which she replied that he had not.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government or any other person other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a pleas of guilty to the felony charges contained in Count Six and Count Fifteen of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Count Six and Count Fifteen of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate

Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and maintained her desire to have her plea of guilty accepted.

Defendant also stated that she understood her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea.. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court then expressly discussed with Defendant that, even though her counsel may have shown her how the guideline chart works, and, in the process, Defendant may have derived some idea of the sentencing range she may fall into, Defendant may not take counsel's showing her the chart and how it works as any guarantee that the District Judge will see it the same way and will impose what Defendant believes is a proper sentence as the actual sentence she will receive. Defendant stated she understood. The Court explained, and Defendant stated she understood that she could not take what counsel may have shown her or told her as a promise or guarantee of the sentence she would actually receive.

Thereupon, Defendant, Donna Sturm, with the consent of her counsel, L. Richard Walker, proceeded to enter verbal pleas of **GUILTY** to the felony charges in Count Six of the Indictment and to Count Fifteen of the Indictment.

6

The Court heard the testimony of ATF Special Agent Greg Perry, who testified he was involved in the investigation of Defendant and others regarding drug distribution out of Sandy's Bar in the Belington, Barbour County area in the late summer/ early fall of 2010. The investigation was joined by the West Virginia State Police and the County Drug Task Force. It included undercover police officers making controlled purchases of controlled substance. On October 28, 2010, Lt. Brian Purkey and Officer Robert Root of the drug task force posed as customers in Sandy's Bar. Lt. Purkey met with Defendant in a rest room and purchased 28 grams of marijuana from Defendant for $300.00. On November 18, 2010, Lt. Purkey purchased a firearm from Defendant. She had at first asked him for $600.00 for the purchase of two firearms, but they negotiated a price of $350.00. Defendant met Lt. Purkey at the bar, and he then followed her to an address where they pulled over to the side of the road and Lt. Purkey made the transaction. SA Perry testified he determined the firearms were not manufactured in West Virginia, and were therefore involved in interstate commerce. He also testified that investigation showed Defendant is a prohibited person, having been convicted of two felonies, one being in 2004. Her civil rights had not been restored.

Defendant stated she heard, understood, and did not disagree with Special Agent Perry's testimony. Counsel did place on the record, however, that the firearms transaction was incidental to the drug dealing and was not initially raised by Defendant. Further, she came into the possession of the firearms through her family or other like manner. SA Perry agreed with this explanation. The undersigned United States Magistrate Judge concludes the offenses charged Count Six and Count Fifteen of the Indictment are supported by an independent basis in fact concerning each of the essential elements of each offense. That independent basis is provided by the testimony of Special Agent Perry.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Six and Count Fifteen of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed; Defendant understood the Judge could impose her sentences to run consecutively; Defendant made knowing and voluntary pleas of guilty to Count Six and Count Fifteen of the Indictment; and Defendant's pleas are independently supported by the testimony of Special Agent Perry, which provides, beyond a reasonable doubt, proof of each of the essential elements of each charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's pleas of guilty to Count Six and Count Fifteen of the Indictment and recommends she be adjudged guilty on said charges as contained in Count Six and Count Fifteen of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an order setting conditions of release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: December 3, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE